# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JORGE ALBERTO ORNELAS,

      Plaintiff,

      v.

MATTHEW CATE, et al.,

      Defendants.

_____/

CASE NO. 1:10-cv-02366-AWI-GBC (PC)

ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Doc. 1

THIRTY-DAY DEADLINE

## Screening Order

### I. Procedural History, Screening Requirement, and Standard

On December 20, 2010, Plaintiff Jorge Alberto Ornelas ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. In Plaintiff's complaint, he alleges conspiracy, violations of regulations and the inmate appeals process, access to courts, retaliation, denial of equal protection, violations of due process for placement in administrative segregation, excessive force, deliberate indifference to medical need and health and safety, failure to protect, overcrowding, fire hazards, and bad plumbing. *See id.*

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1 | monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

2 | "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

3 | dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

4 | claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

5 |        A complaint must contain "a short and plain statement of the claim showing that the pleader

6 | is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

7 | "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

8 | do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell*

9 | *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge

10 | unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While

11 | factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

12 |        While prisoners proceeding pro se in civil rights actions are still entitled to have their

13 | pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is

14 | now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must

15 | demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*

16 | *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations

17 | sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret*

18 | *Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting

19 | this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

20 |        Section 1983 provides a cause of action for the violation of constitutional or other federal

21 | rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971

22 | (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link

23 | between the violation of his rights and an action or omission of the defendant. *Iqbal*, 129 S. Ct. at

24 | 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,

25 | 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may

26 | only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50;

27 | *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

28 | //

## II. Allegations in Plaintiff's Complaint

In Plaintiff's complaint, he names twenty-six defendants: Matthew Cate, Secretary; Scott Kernan, Under Secretary; George J. Giurbano, Director; D. Foston, Chief, Inmate Appeals; James D. Hartley, Warden; L.S. McEwen, Acting Warden; Scott Frauenheim, Assistant Warden; D.M. Mantel, Associate Warden; A. Lloren, Captain; T.E. Smith, Lieutenant; A.N. Rodriguez, Lieutenant; S.E. Tuck, Sergeant; Black; Deathriage; S. Bryant, CCII; Deselegua; K. Donaldson, CCI; R. Salsbury, CCI; A. Martinez, CCI; Sushama D. Taylor, PhD; Lanecia Richard, Program Manager; Ralyn Conner, Ombudsman; Robert Chapnick, MD; Sarah J. Davis, Librarian; Downs; and Newman. Compl. at 1, 9, 12, Doc. 1.

Plaintiff's styles his complaint as an incoherent and disjointed running log of excerpts from past inmate appeals. The Court will attempt to decipher Plaintiff's claims.

Plaintiff alleges conspiracy to interfere with civil rights; Mexican class-based discrimination for filing formal grievances, retaliation, and denial of equal protection. *Id.* at 9, 13. Plaintiff alleges that he did not have a hearing regarding placement in administrative segregation. *Id.* at 14. Plaintiff alleges "concealed evidence" regarding his appearance before the initial classification committee but that this incident was later resolved. *Id.* at 14-16. Plaintiff alleges involuntary transfer to higher security level institution. *Id.* at 16. Plaintiff alleges documents have been intentionally withheld. *Id.* Plaintiff alleges due process violations in regards to inmate appeals. *Id.* at 16-18. In Plaintiff's complaint, he includes excerpts of appeals from other inmates. *Id.* at 19-24. Plaintiff alleges placement in harm's way in a yard with "Bulldogs." *Id.* at 25. Plaintiff alleges Avenal State Prison has severe overcrowding, utilizing a gym with three-tier bunks. *Id.*

On August 15, 2009, visitation terminated early and Plaintiff and inmate Carlos Flores were being escorted to a building when an alarm sounded. *Id.* at 26. While on the ground because of the alarm, Sgt. Black instructed them to enter the building, and Plaintiff and inmate Flores entered the building and went directly to the bunk area. *Id.* at 26. Then inmate Flores asked if they (Plaintiff and Flores) were the only Mexicans in the building. *Id.* Minutes later, black inmates assaulted Plaintiff. *Id.* Plaintiff was disoriented and bleeding when Sgt. Deathriage responded and picked Plaintiff off the ground. *Id.* at 26-27. Sgt. Deathriage escorted Plaintiff outside to Sgt. King, who purposely

slammed Plaintiff head first into the wall of the building, with a clear view of the dining hall, where other inmates were confined during the earlier riot. *Id.* at 27. Plaintiff was then taken outside the building, where he was body slammed against the wall, then slammed against the floor. *Id.* The degree of force from slamming Plaintiff's head into the wall rendered him semi-conscious, dizzy, disoriented, with large bumps and bruising. *Id.* Plaintiff was then slammed again with restraints on the ground and knees planted on his back. *Id.* The custody escorts knew Plaintiff was beaten by the black inmates and that he had two swollen black eyes, cuts inside his mouth from his teeth, bumps on his head, and swelling and bruising on his buttocks. *Id.* Custody intervened but refused his request verbally to be taken to the medical clinic for treatment. *Id.* at 27-28.

Plaintiff quotes statements by prisoners regarding overcrowding, fire hazards due to lack of sprinkler system and insufficient fire extinguishers, and inadequate plumbing. *Id.* at 29-31. Plaintiff and two other inmates signed the "statements by prisoners" section. *Id.* at 32. Plaintiff cites a memorandum dated December 13, 2010, advising inmates of a scabies outbreak. *Id.* at 33. Plaintiff contends that the prison should take steps to prevent the contamination. *Id.* at 34-35.

For relief, Plaintiff seeks an injunction to enforce procedural due process, stop unreasonable transfers, provide meaningful access to the law library, address overcrowding, and damages. *Id.* at 9-11.

### III. Legal Standard and Analysis for Filing a Prisoner Class Action

Plaintiff cites inmate appeals from other inmates and two other inmates signed the complaint. *Id.* at 29-32. Although it appears that Plaintiff purports to bring this as a class action, he is not an attorney and he is proceeding without counsel. A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Fymbo v. State Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). While a non-attorney proceeding pro se may bring his own claims to court, he may not represent others. *E.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *Fymbo*, 213 F.3d at 1321; *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Therefore, this action shall proceed solely with Plaintiff, and only Plaintiff should make the allegations and sign his amended complaint.

1

## IV. Legal Standard and Analysis for Plaintiff's Claims

2

### A. Rule 8

3    Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include a "short

4   and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple,

5   concise, and direct." Fed. R. Civ. P. 8(d)(1) (emphasis added). A complaint that is so confusing that

6   its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns*

7   *v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of*

8   *Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th

9   Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without

10  simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform

11  the essential functions of a complaint."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th

12  Cir. 1981) (affirming a dismissal with prejudice for failure to comply with Rules 8(a) and 8(e),

13  finding that both the original complaint and an amended complaint were "verbose, confusing and

14  conclusory").

15  Plaintiff's complaint is not "short and plain" or "simple, concise, and direct," as required by

16  Rules 8(a) and 8(d)(1). Plaintiff's style of quoting his prior inmate appeals does not comply with

17  Rule 8. It is difficult for the Court to assess whether Plaintiff is swearing under oath that he made

18  these allegations in the past or he is currently making these allegations in his present complaint. The

19  Court will not glean through quotations of Plaintiff's inmate appeals to discern possible claims. In

20  Plaintiff's amended complaint, he must make simple, plain, concise, and direct allegations of his

21  current claims, without quoting himself or citing quotes by other inmates.

22

### B. Rule 10(b)

23  Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state claims in

24  "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R.

25  Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate

26  transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). It is not the

27  responsibility of the Court to review a rambling narrative in an attempt to determine the number and

28  nature of a plaintiff's claims. Thus, Plaintiff's complaint style and formatting fails to comply with

Rule 10(b). In Plaintiff's amended complaint, the Court directs him to comply with Rule 10(b).

### C. Supervisory Liability and Linkage

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons*, 609 F.3d at 1020-21; *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Simply naming Matthew Cate, Secretary; Scott Kernan, Under Secretary; George J. Giurbano, Director; D. Foston, Chief, Inmate Appeals; James D. Hartley, Warden; L.S. McEwen, Acting Warden; Scott Frauenheim, Assistant Warden; D.M. Mantel, Associate Warden; A. Lloren, Captain; T.E. Smith, Lieutenant; and A.N. Rodriguez, Lieutenant as defendants is insufficient to hold them liable based on a position of authority as Plaintiff has not alleged any facts linking the defendant to acts or omissions, which suggest that the defendant participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against Defendants Matthew Cate, Secretary; Scott Kernan, Under Secretary; George J. Giurbano, Director; D. Foston, Chief, Inmate Appeals; James D. Hartley, Warden; L.S. McEwen, Acting Warden; Scott Frauenheim, Assistant Warden; D.M. Mantel, Associate Warden; A. Lloren, Captain; T.E. Smith, Lieutenant; and A.N. Rodriguez, based upon supervisory liability.

//

1

**D. Conspiracy**

2      A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the

3   minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting

4   *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989)

5   (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059,

6   1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th

7   Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the

8   plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*,

9   312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

10      The federal system is one of notice pleading, and the court may not apply a heightened

11   pleading standard to plaintiff's allegations of conspiracy.  *Empress LLC v. City and County of San*

12   *Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119,

13   1126 (2002).  However, although accepted as true, the "[f]actual allegations must be [sufficient] to

14   raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

15   555 (2007). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires

16   more than labels and conclusions, and a formulaic recitation of the elements of a cause of action .

17   . . " *Id.*

18      Plaintiff alleges conspiracy, but Plaintiff does not make any specific allegations regarding

19   the conspiracy or the parties to the conspiracy. Therefore, his allegation is conclusory and there are

20   no specific facts supporting the existence of a conspiracy. *Avalos v. Baca*, 596 F.3d 583, 592 (9th

21   Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001). As such, a bare allegation that

22   Defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a

23   conspiracy claim under § 1983.

24

**E. Violation of State Prison Rules and Regulations**

25      Violations of state prison rules and regulations, without more, do not support any claims

26   under section 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County,*

27   *Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a

28   federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648

1    F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations

2    regarding the inmate appeals process or prison disciplinary proceedings, for example, will not

3    support a claim for denial of due process under federal law.

4                                    **F. Inmate Appeals Process**

5            Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims

6    for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a

7    procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*,

8    997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982));

9    *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of

10   appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641,

11   647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann*

12   *v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty

13   interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568

14   F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a

15   prisoner's administrative appeal cannot serve as the basis for liability under § 1983. *Buckley*, 997

16   F.2d at 495.

17           Plaintiff also seeks to impose liability under the Eighth Amendment on individuals related

18   to the inmate appeals process including Defendants Matthew Cate, Secretary; Scott Kernan, Under

19   Secretary; George J. Giurbano, Director; D. Foston, Chief, Inmate Appeals; James D. Hartley,

20   Warden; L.S. McEwen, Acting Warden; Scott Frauenheim, Assistant Warden; and D.M. Mantel,

21   Associate Warden. Generally, denying a prisoner's administrative appeal does not cause or

22   contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The mere

23   possibility of misconduct is insufficient to support a claim, *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572

24   F.3d at 969, and there is inadequate factual support for a claim that in denying his inmate appeals,

25   Defendants knew of and disregarded a substantial risk of harm to Plaintiff. *Farmer v. Brennan*, 511

26   U.S. 825, 837 (1994) Nevertheless, because prison administrators cannot willfully turn a blind eye

27   to constitutional violations being committed by subordinates, there may be limited circumstances

28   in which those involved in reviewing an inmate appeal can be held liable under section 1983. *Jett*

1  *v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006). There are no facts to show that Defendants willfully
2  turned a "blind eye" to constitutional violations. *Jett*, 439 F.3d at 1098.

3        Plaintiff's claims against Defendant Matthew Cate, Secretary, is even further attenuated as
4  Defendant did not personally deny his appeals. A decision by a defendant's designee provides no
5  basis for a claim as § 1983 does not permit *respondeat superior* liability. *Iqbal*, 129 S. Ct. at 1948-
6  49; *Simmons*, 609 F.3d at 1020-21; *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934.

7        Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under
8  § 1983 based upon the inmate appeals process.

9  **G. First Amendment Retaliation**

10        Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition
11  the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.
12  1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65
13  F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment
14  retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action
15  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled
16  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance
17  a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord*
18  *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

19        Plaintiff alleges retaliation, but Plaintiff fails to allege he was engaged in protected conduct;
20  that such action chilled the exercise of his First Amendment rights; and that the action did not
21  reasonably advance a legitimate correctional goal. Plaintiff's conclusory allegations of retaliation fail
22  to state a claim.

23  **H. First Amendment Right of Access to Courts**

24        Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518
25  U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right of
26  access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and
27  is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354.
28  To bring a claim, a prisoner must have suffered an actual injury by being shut out of court.

*Christopher v. Harbury,* 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 351; *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009).

Plaintiff fails to state a claim against any Defendants for First Amendment right to access the courts. Plaintiff has not alleged sufficient facts which indicate that Plaintiff suffered an actual injury by being shut out of court.

## I. Equal Protection / Discrimination

Plaintiff alleges denial of equal protection and discrimination against Mexican inmates.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). To state a claim under § 1983 for violation of the Equal Protection Clause, a plaintiff must allege sufficient facts either showing intentional unlawful discrimination or "that are at least susceptible of an inference of discriminatory intent." *Byrd v. Maricopa County Sheriff's Dep't*, 565 F.3d 1205, 1212 (9th Cir. 2009); *Iqbal*, 129 S. Ct. at 1949-50.

Plaintiff fails to state a claim against any Defendants. Plaintiff has not alleged sufficient facts which indicate that Defendants treated him differently on the basis of race. In Plaintiff's amended complaint, Plaintiff must describe how he is being treated differently from other similarly situation persons and link the named defendants to the discrimination.

## J. Due Process

Plaintiff alleges his placement in administrative segregation and his transfer to an alternate institution violated his right to due process.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Austin*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)). Liberty interests created by prison

regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Austin*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff has not alleged any facts supporting the existence of a liberty interest in remaining free from administrative segregation, which precludes him from bringing a due process claim. *Wilkinson*, 545 U.S. at 221; *Sandin*, 515 U.S. at 484; *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997). Moreover, Plaintiff's due process claim challenging his transfer to an alternate institution is not cognizable because it is well established that prisoners have no constitutional right to incarceration in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244–48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

Plaintiff has not sufficiently alleged that he was denied the minimal protections he was due under federal law. *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974); *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin*, 515 U.S. 472.

Plaintiff states he was denied a hearing, but his complaint does not conform to Rule 8 of the Federal Rules of Civil Procedure. Moreover, Plaintiff fails to link a named defendant to his alleged denial of due process.  In Plaintiff's amended complaint, he must comply with Rule 8 of the Federal Rules of Civil Procedure; he must provide more details as to his allegations of denial of due process; and he must link the named defendants to the denial of due process.

### K. Eighth Amendment Excessive Force

The Eighth Amendment protects prisoners from the use of excessive force. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . " *Hudson*, 503 U.S. at 8. "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9.

"The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.* at 7.

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7; *Martinez*, 323 F.3d at 1184. In considering these factors, prison authorities "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley*, 475 U.S. at 321 (quoting *Bell*, 441 U.S. at 547).

Plaintiff makes allegations of excessive force, but his complaint does not conform to Rule 8 of the Federal Rules of Civil Procedure. In Plaintiff's amended complaint, he must comply with Rule 8 of the Federal Rules of Civil Procedure; he must provide more details as to his allegations of excessive force; and he must link the named defendants to the excessive force.

### L. Eighth Amendment Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.

1  1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)

2  (en banc)).

3       Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's

4  pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d

5  at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or

6  intentionally interfere with medical treatment, or it may be shown by the way in which prison

7  physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay

8  in receiving medical treatment, the delay must have led to further harm in order for the prisoner to

9  make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely*

10  *v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

11       Plaintiff may not seek to impose liability on defendants merely upon position of authority,

12  based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a

13  plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health.

14  Medical malpractice does not become a constitutional violation merely because the victim is a

15  prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of

16  neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614,

17  617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

18       Neither an inadvertent failure to provide adequate medical care, nor mere negligence or

19  medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper

20  treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v.*

21  *Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley*, 766 F.2d at 407. Moreover, the Constitution does

22  not require that prison doctors give inmates every medical treatment they desire. *Bowring v. Godwin*,

23  551 F.2d 44, 47-48 (4th Cir. 1977). To establish a constitutional right to treatment under the Eighth

24  Amendment, an inmate must show that a physician or other health care provider exercising ordinary

25  skill and care at the time of observation would conclude with reasonable medical certainty that: (1)

26  the prisoner's symptoms evidenced a serious disease or injury; (2) the disease or injury was curable

27  or could be substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay

28  or denial of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere

1   negligence, mistake or difference of opinion." *Id.* at 48; *see also Sanchez*, 891 F.2d at 242. In

2   addition, gross negligence is insufficient to establish deliberate indifference. *See Wood*, 900 F.2d at

3   1334.

4       Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See*

5   *Farmer*, 511 U.S. at 835-36 & n.4; *Wood*, 900 F.2d at 1334 (gross negligence insufficient to state

6   claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of

7   the prison context. The Constitution does not guarantee due care on the part of state officials;

8   liability for negligently inflicted harm is categorically beneath the threshold of constitutional due

9   process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's

10  prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth

11  Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or

12  Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to

13  an inmate's serious medical condition. As a matter of law, differences of opinion between prisoner

14  and prison doctors fails to show deliberate indifference to serious medical needs. *Jackson v.*

15  *McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

16      The deliberate indifference standard involves an objective and a subjective prong. First, the

17  alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834

18  (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and

19  disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

20      "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this

21  standard, the prison official must not only 'be aware of the facts from which the inference could be

22  drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

23  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the

24  risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the

25  risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

26      Plaintiff makes allegations of deliberate indifference to medical need and health and safety,

27  but his complaint does not conform to Rule 8 of the Federal Rules of Civil Procedure. Moreover,

28  Plaintiff fails to link a named defendant to the alleged deliberate indifference. In Plaintiff's amended

1 complaint, he must comply with Rule 8 of the Federal Rules of Civil Procedure; he must provide

2 more details as to his allegations of deliberate indifference to medical need and health and safety;

3 and he must link the named defendants to the deliberate indifference.

4 ### M. Eighth Amendment Failure to Protect

5 The Eighth Amendment protects prisoners from inhumane methods of punishment and from

6 inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).

7 Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with

8 food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer*, 511 U.S. at 832-33.

9 Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*,

10 511 U.S. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison

11 officials to protect inmates from attacks by other inmates may rise to the level of an Eighth

12 Amendment violation where prison officials know of and disregard a substantial risk of serious harm

13 to the plaintiff. *E.g.*, *Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d at 1040.

14 Regarding the deliberate indifference prong of this analysis, a prison official cannot be held

15 liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless

16 the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive

17 risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts

18 from which the inference could be drawn that a substantial risk of serious harm exists, and he must

19 also draw the inference. *See id.* This requires examination of the subjective intent of the defendant;

20 that the prison official defendant acted with a "sufficiently culpable state of mind" and deliberate

21 indifference to an inmate's health or safety. *See id.* at 834. Neither negligence nor gross negligence

22 will constitute deliberate indifference. *See id.* at 835-36 & n.4; *Estelle*, 429 U.S. at 106. Allegations

23 in a pro se complaint sufficient to raise an inference that the named prison officials acted with

24 deliberate indifference—i.e, that they knew that plaintiff faced a substantial risk of serious harm and

25 disregarded that risk by failing to take reasonable measures to abate it—states a "failure-to-protect"

26 claim. *Hearns*, 413 F.3d at 1041–42.

27 Moreover, mere verbal harassment or abuse alone is not sufficient to state a claim under §

28 1983, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level

of a constitutional violation, *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

Plaintiff makes allegations of Eighth Amendment failure to protect, but his complaint does not conform to Rule 8 of the Federal Rules of Civil Procedure. Moreover, Plaintiff fails to link a named defendant to the alleged violations. In Plaintiff's amended complaint, he must comply with Rule 8 of the Federal Rules of Civil Procedure; he must provide more details as to his allegations of Eighth Amendment failure to protect; and he must link the named defendants to the violations.

### N. Eighth Amendment Cruel and Unusual Punishment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). But this is not a mandate for comfortable prisons. *Farmer*, 511 U.S. at 832. Indeed, prison conditions may be both restrictive and harsh without violating the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Within this construct, however, prison officials must provide food, clothing, shelter, sanitation, medical care, and personal safety. *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment when these two components are met: (1) the deprivation alleged must be objectively sufficiently serious; and (2) the prison official possesses a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991)). In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, courts consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation over an extended time are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *Id.* at 732-33.

Plaintiff makes allegations of violation of Eighth Amendment conditions of confinement, but his complaint does not conform to Rule 8 of the Federal Rules of Civil Procedure. Moreover, Plaintiff fails to link a named defendant to the alleged violations. In Plaintiff's amended complaint, he must comply with Rule 8 of the Federal Rules of Civil Procedure; he must provide more details as to his allegations of violation of Eighth Amendment conditions of confinement; and he must link the named defendants to the violations.

1

## O. Rule 18 and Rule 20 Unrelated Claims and Defendants

2      Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R.

3   Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507

4   F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple

5   defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of

6   transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P.

7   20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance*

8   *Co. of North America*, 623 F.3d 1371, 1375 (9th Cir.1980). Only if the defendants are properly

9   joined under Rule 20(a) will the Court review the other claims to determine if they may be joined

10  under Rule 18(a), against the same party.

11     Plaintiff may not pursue, in one action, a litany of claims arising from every event or incident

12  in prison, which Plaintiff believes demonstrates a violation of his rights. Essentially, Plaintiff

13  constructed a laundry list of his complaints about life in prison, with no actual specific facts to link

14  any of the vague and conclusory allegations to any of the named Defendants.

15

## V. Plaintiff's Complaint Fails to State a Claim

16     A complaint must contain "a short and plain statement of the claim showing that the pleader

17  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

18  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

19  do not suffice," *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555), and courts "are not

20  required to indulge unwarranted inferences," *Doe I*, 572 F.3d at 681. While factual allegations are

21  accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949. While prisoners proceeding pro

22  se in civil rights actions are still entitled to have their pleadings liberally construed and to have any

23  doubt resolved in their favor, the pleading standard is now higher, *Hebbe*, 627 F.3d at 342. Under

24  § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of

25  his rights. *Jones*, 297 F.3d at 934. This requires the presentation of factual allegations sufficient to

26  state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969. The mere

27  possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-

28  50; *Moss*, 572 F.3d at 969.

Plaintiff's complaint fails to state any claims upon which relief may be granted. The questionable nature of Plaintiff's claims aside, the complaint is devoid of any factual allegations supporting Plaintiff's claims and fails to include any specific allegations linking the acts complained of to the named Defendants. Plaintiff's conclusory allegations of harm do not give rise to any facially plausible claims for relief. Fed. R. Civ. P. 8(a); *Iqbal* at 1949-50.

### VI. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 129 S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (reference to original and first amended complaints was precluded by doctrine that an amended pleading supersedes the original pleading). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

//
//
//
//
//

1    Based on the foregoing, it is HEREBY ORDERED that:

2    1.    Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief

3          may be granted;

4    2.    The Clerk's Office shall send Plaintiff a complaint form;

5    3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

6          **first amended complaint**; and

7    4.    If Plaintiff fails to file a first amended complaint in compliance with this order, this

8          action will be dismissed, with prejudice, for failure to state a claim.

10   IT IS SO ORDERED.

Dated:     June 4, 2012    _____

                            UNITED STATES MAGISTRATE JUDGE