# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALBERTO ORNELAS,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-02366-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING TO DENY PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION<br><br>Docs. 8, 9<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

On December 20, 2010, Plaintiff Jorge Alberto Ornelas ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. In Plaintiff's complaint, he alleges conspiracy, violations of regulations and the inmate appeals process, access to courts, retaliation, denial of equal protection, violations of due process for placement in administrative segregation, excessive force, deliberate indifference to medical need and health and safety, failure to protect, overcrowding, fire hazards, and bad plumbing. *See id.* On October 24, 2011, and November 9, 2011, Plaintiff filed a motion for a temporary restraining order. Docs. 8, 9. The Court construes these as motions for a preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The purpose of preliminary injunctive

1 relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102, (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969. Plaintiff moves for an injunction on behalf of other inmates, who are not parties to this proceeding. Moreover, Plaintiff asks for an injunction dealing with modified program, which are not the allegations of his underlying complaint. In addition, Plaintiff has not demonstrated a likelihood of success on the merits of his action. *Winter*, 555 U.S. at 20. Plaintiff's complaint was dismissed for failure to state a claim, and there is no operative pleading in this action at this time. Finally, Plaintiff has not demonstrated irreparable harm from his allegations of a modified program.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motions for preliminary injunction, filed October 24, 2011, and November 9, 2011, should be DENIED.

//
//
//
//
//

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 4, 2012

UNITED STATES MAGISTRATE JUDGE