# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALBERTO ORNELAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Defendants. | Case No. 1:10-cv-02366-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S AMENDED COMPLAINT STATES COGNIZABLE CLAIMS FOR FAILURE TO PROTECT AND EXCESSIVE FORCE<br><br>(ECF NO. 13) |

## I.

## SCREENING REQUIREMENT

Plaintiff Jose Alberto Ornelas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on December 20, 2010. (ECF No. 1.) On June 4, 2012, the Court screened Plaintiff's original complaint and dismissed it, with leave to amend, for failing to state any claims upon which relief may be granted. (ECF No. 11.) Plaintiff filed his first amended complaint on July 2, 2012. (ECF No. 13.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is currently in custody in the Pelican Bay State Prison ("PBSP") in Crescent City, California. However, the incidents described in Plaintiff's complaint took place while he was incarcerated at Avenal State Prison ("ASP") in Avenal, California. Plaintiff names James D. Hartley (warden), Deathriage (sergeant), King (sergeant), and Black (sergeant) as defendants (collectively referred to as "Defendants").

On August 15, 2009, Plaintiff was outside of his cell for visitation purposes. At

approximately 1:00-1:15 p.m., visits terminated because of a disturbance in Facility 2. Plaintiff was not given any details on the disturbance. At approximately 5:30-6:00 p.m., prisoners, including Plaintiff, were escorted out of the visiting room into buildings numbered 210, 220, 230, and 250. While in building 230, a Code 1 alarm went off, which Plaintiff later discovered was due to African American prisoners assaulting prisoner Alejandro Medina while returning from visitation. Due to the Code 1, Plaintiff was on the ground. Defendant Black instructed Plaintiff and prisoner Carlos Florez to get up to enter building 250 even though the Code 1 alert was still in effect. Plaintiff complied with Defendant Black's instructions, entered building 250, and proceeded to the open dormitory bedding area.

Minutes later, Plaintiff and prisoner Florez realized that they were the only Mexican Americans in the building. Numerous African American prisoners jumped on Plaintiff and physically beat him with kicks and blows that left him unconscious. Plaintiff alleges that Defendant Black was aware that Plaintiff faced a substantial risk of serious harm by being placed in this building.

Plaintiff was on the ground when Defendant Deathriage responded to the situation. Defendant Deathriage picked up Plaintiff, slammed him back onto the ground, and placed him into restraints. Defendant King escorted Plaintiff outside of building 250. During the escort, Defendant King slammed Plaintiff's head against the wall in clear view of dining hall B. Outside of Facility 2, Defendants Deathriage and King subjected Plaintiff to "excessive force/violence." Defendants Deathriage and King slammed Plaintiff to the ground and kicked him "with such power to render Plaintiff semi-unconscious." Prisoners in dining Hall B witnessed this event and tried to get correctional officers to stop the mistreatment and the excessive force. As a result of this incident, Plaintiff suffered "two swollen eyes, cuts inside the mouth and bumps on the top right and left hand side of Plaintiff's head, swelling and bruising on right buttocks and legs." Plaintiff was disoriented and physically hurt, but did not receive any medical treatment for his injuries.

On August 31, 2009, Plaintiff's wife contacted the office of internal affairs regarding

these incidents of physical abuse. Ralyn Conner[1] was assigned to hear and investigate the complaint. Plaintiff alleges that as Warden of the prison, Defendant Hartley subjected Plaintiff to a violation of law for failure to respond to evidence of misconduct by his subordinates and willfully turning a blind eye. On September 10, 2009, Plaintiff was again placed in building 250 for administrative segregation in.

## III.

## DISCUSSION

### A. Eighth Amendment Failure to Protect Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

The Court finds that Plaintiff's allegations are sufficient to state a claim against Defendant Black for the failure to protect him, in violation of the Eighth Amendment.

### B. Eighth Amendment Excessive Force Claims

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010) (per

---

[1] Ralyn Conner is not a Defendant in this action.

4

curiam); Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992).  What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency.  Hudson, 503 U.S. at 8 (quotation marks and citations omitted).  For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Wilkins, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.  Id. (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted).  In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency.  Wilkins, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than the resulting injury which ultimately counts.  Id. at 1178.

The Court finds that Plaintiff's allegations are sufficient to state a claim against Defendants Deathriage and King for use of excessive force, in violation of the Eighth Amendment.

5

### C. Eighth Amendment Deliberate Indifference Claims

Plaintiff raises claims under Section 1983 for violation of the Eighth Amendment's prohibition against cruel and unusual punishments. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id.

The failure to respond to a prisoner's complaints of pain can be sufficient to support an Eighth Amendment claim. Snow v. McDaniel, 681 F.3d 978, 990 (9th Cir. 2012); Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). However, deliberate indifference must be shown and it is a high legal standard. Toguchi, 391 F.3d at 1060 (quotation marks omitted). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could

be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nev., 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's amended complaint is devoid of factual support for his claim that Defendants Black, Deathriage, and King acted with deliberate indifference to Plaintiff's medical needs. Plaintiff's complaint lists his injuries from the alleged excessive force and states that he was never given any medical treatment. However, he fails to allege any facts showing the he requested medical attention from Defendants. Accordingly, the Court finds that Plaintiff's allegations are insufficient to state a claim against Defendants Black, Deathriage, and King for deliberate indifference, in violation of the Eighth Amendment.

### D.   Supervisory Liability

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934, and as administrators, Defendants may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v.*

*Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).  Some culpable action or inaction must be attributable to Defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, may support a claim, the policy must have been the moving force behind the violation.  Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

Defendant James D. Hartley, Warden, was not present for any of the incidents Plaintiff alleges.  Plaintiff's complaint lists Defendant Hartley's involvement only after the fact in the appeals process when he "caused Plaintiff to be subjected to a violation of law having well grounded[sic] facts and yet failure to respond to evidence of misconduct by subordinates as willfully turning a blind eye."  Plaintiff has failed to allege that Defendant Black participated, directed, or knew of the violations and failed to act to prevent them.  Accordingly, Plaintiff has not stated any claims against Defendant Hartley and he will be dismissed from this action.

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiff's first amended complaint states (1) a cognizable claim against Defendant Black for the failure to protect in violation of the Eighth Amendment; and (2) cognizable claims against Defendants Deathriage and King for excessive force in violation of the Eighth Amendment.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action shall proceed on Plaintiff's amended complaint against Defendants Deathriage, Black, and King; and
2. Defendant Hartley is dismissed from this action based on Plaintiff's failure to state a claim against him;

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**

after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 17, 2013**                    _____
                                               UNITED STATES MAGISTRATE JUDGE