UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALBERTO ORNELAS,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-02366-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>[ECF No. 27] |

Plaintiff Jorge Alberto Ornelas is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendant Black for failure to protect in violation of the Eighth Amendment and against Defendants Deathriage and King for excessive force in violation of the Eighth Amendment.

Now pending before the Court is Defendant's motion to dismiss for failure to exhaust the administrative remedies, filed October 23, 2013.[1] Plaintiff did not file an opposition.[2] For the reasons discussed below, the undersigned will recommend that Defendants' motion be granted.

---

[1] Defendants Black and King filed the initial motion on October 23, 2013, and Defendant Deathriage joined the motion on December 4, 2013.

[2] Plaintiff was provided notice of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003). (EFC No. 27, attach. 1.)

1

# I.

# DISCUSSION

**A. Exhaustion of Administrative Remedies**

1. <u>Legal Standard</u>

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. <u>Jones</u>, 549 U.S. at 216; <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. <u>Stratton</u>, 697 F.3d at 1008; <u>Morton v. Hall</u>, 599 F.3d 942, 945 (9th Cir. 2010); <u>Wyatt</u>, 315 F.3d at 1119-20. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. <u>Jones</u>, 549 U.S. at 223-24; <u>Lira v. Herrera</u>, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

2. <u>California Department of Corrections and Rehabilitation Inmate Appeals Process</u>

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c). Up to four levels of appeal

1  may be involved, including the informal level, first formal level, second formal level, and third formal
2  level, also known as the Director's Level.  Tit. 15, § 3084.5.  In order to satisfy section 1997e(a),
3  California state prisoners are required to use this process to exhaust their claims prior to filing suit.
4  Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201.  On January 28,
5  2011, the inmate appeals process was modified and limited to three level of review with provisions
6  allowing the first level to be bypassed under specific circumstances.  Cal. Code Regs. tit. 15, § 3084.7.

        **B.**      **Defendants' Motion to Dismiss For Failure to Exhaust**

In their motion, Defendants assert that Plaintiff did not exhaust his administrative remedies as to the August 15, 2009, incident.  In support, they attach the declarations of L. Maughmer, Appeals Coordinator for the Institutional Appeals Office for non-health care appeals at Avenal State Prison (ASP), and J.D. Lozano, Chief of the Office of Appeals.

In the operative first amended complaint, Plaintiff alleges that on August 15, 2009, he was outside his cell for visitation purposes.  At approximately 1:00-1:15 p.m., visitation was terminated because of a disturbance in Facility 2.  Plaintiff was not given any details on the disturbance.  At approximately 5:30-6:00 p.m., prisoners, including Plaintiff, were escorted out of the visiting room numbered 210, 220, 230, and 250.  While in building 230, a Code 1 alarm alert was activated, which Plaintiff later discovered was due to African American prisoners assaulting prisoner Alejandro Medina while returning from visitation.  Due to the Code 1, Plaintiff was on the ground.  Defendant Black instructed Plaintiff and prisoner Carlos Florez to get up to enter building 250 even though the Code 1 alert was still in effect.  Plaintiff complied with Defendant Black's instructions, entered building 250, and proceeded to the open dormitory bedding area.

Minutes later, Plaintiff and prisoner Florez realized that they were the only Mexican Americans in the building.  Numerous African American prisoners jumped on Plaintiff and physically beat him by kicking and punching rendering him unconscious.  Plaintiff alleges that Defendant Black was aware that Plaintiff faced a substantial risk of serious harm by being placed in this building.

Plaintiff was on the ground when Defendant Deathriage responded to the situation.  Defendant Deathriage picked up Plaintiff, slammed him back onto the ground, and placed him in restraints.  Defendant King escorted Plaintiff outside of building 250.  During the escort, Defendant King

slammed Plaintiff's head against the wall in clear view of dining hall B. Outside of Facility 2, Defendants Deathriage and King subjected Plaintiff to "excessive force/violence." Defendants Deathriage and King slammed Plaintiff to the ground and kicked him "with such power to render Plaintiff semi-unconscious." Prisoners in dining Hall B witnessed this event and tried to get correctional officers to stop the mistreatment and excessive force. As a result of the this incident, Plaintiff suffered "two swollen eyes, cuts inside the mouth and bumps on the top right and left hand side of his head, swelling and bruising on right buttocks and legs." Plaintiff was disoriented and physically hurt, but did not receive any medical treatment for his injuries. The incidents described in the complaint took place while Plaintiff was incarcerated at Avenal State Prison.

An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." Sapp v. Kimbrell, 623 F.3d 813, 822-823 (9th Cir. 2010). "[T]he prisoner need only provide the level of detail required by the prison's regulations." As amended on January 28, 2011, the current version, title 15 of the California Code of Regulations 3084.2(a)(3) requires an inmate to "list all staff member(s) involved and shall describe their involvement in the issue" in the inmate's administrative grievance. Cal. Code. Regs. tit. 15, § 3084.2. Prior to the 2011, amendment, the controlling statute-15 Cal.Code Regs. § 3084.2-merely required inmates to complete a CDC Form 602 and "describe the problem and action requested." Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010).

The ASP Appeals Office has a record of one 602 submitted by Plaintiff between August 1, 2009, and February 28, 2010, that was accepted for review. (Maughmer Decl. ¶ 7.) The grievance was received on August 12, 2009, and assigned ASP-M-09-01504, and it was categorized as a staff complaint. Id. However, the incident that is the subject of this complaint took place on August 15, 2009. Thus, this grievance could not have exhausted the claims presented in the instant action.

Furthermore, ASP-M-09-01504 did not address the allegations that correctional officers either failed to protect Plaintiff or used excessive force against him. On the grievance form, Plaintiff described an incident involving Southern and Northern Hispanic inmates on July 12, 2009. (Maughmer Decl., Ex. 1.) Plaintiff alleged that although he did not participate in the incident, he was placed on lockdown status because he was labeled a Southerner and, as a result, he could participate in

vocation, recreation, or visiting, and could not receive packages or purchase items at the canteen. Id. As relief, Plaintiff requested that he be removed from lockdown status and be allowed visitors, canteen privileges, and yard time. Id. Accordingly, it is clear that grievance ASP-M-09-01504 did not alert prison officials to the nature of his claims that Defendants used excessive force and failed to protect him on August 15, 2009. Defendants' motion to dismiss should be granted, and the action should be dismissed, without prejudice.

## II.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss be GRANTED; and
2. The instant action be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 16, 2013**

UNITED STATES MAGISTRATE JUDGE