1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                       **EASTERN DISTRICT OF CALIFORNIA**

10

11   JORGE ALBERTO ORNELAS,              )   Case No.: 1:10-cv-02366-AWI-SAB (PC)
                                         )
12                  Plaintiff,           )   FINDINGS AND RECOMMENDATION
                                         )   REGARDING PLAINTIFF'S MOTION FOR
13          v.                           )   TEMPORARY RESTRAINING ORDER
                                         )
14   MATTHEW CATE, et al.,               )   [ECF No. 34]
                                         )
15                  Defendants.          )
                                         )
16   _____)

17          Plaintiff Jorge Alberto Ornelas is appearing pro se and in forma pauperis in this civil rights

18   action pursuant to 42 U.S.C. § 1983.

19          Now pending before the Court is Plaintiff's motion for a temporary restraining order filed on

20   December 19, 2013.  Plaintiff contends that in retaliation for filing the instant action, on several

21   occasions after eating certain meals, he has experienced severe headaches, nausea, vomiting, muscle

22   spasms and stomach pain.  Plaintiff believes that something is intentionally being placed in his food

23   which causes the medical issues.  Plaintiff requests a temporary restraining order and order to arrange

24   medical treatment by a qualified specialist.

25          This action is proceeding on Plaintiff's first amended complaint against Defendant Black for

26   failure to protect in violation of the Eighth Amendment, and against Defendants Deathriage and King

27   for excessive force in violation of the Eighth Amendment.

28                                       **I.**

                                          1

**DISCUSSION**

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) (citing De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945).)

Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action. The constitutional and statutory requirements applicable to equitable

relief preclude Plaintiff from entitlement to generalized relief such an order directing that prison officials allow Plaintiff to obtain a medical order to arrange treatment by a qualified specialist and/or to stop the alleged retaliation by tampering with his food at meal time.  The equitable relief requested herein is not sufficiently related to Plaintiff's underlying legal claims to satisfy the jurisdictional requirements that apply to federal courts.  Further, Plaintiff has sought injunctive relief against unnamed individuals who may or may not be a party to the action and the Court cannot determinate jurisdiction.  <u>See</u> <u>Zepeda v. United States</u>, I.N.S., 753 F.2d 719, 727 (9th Cir. 1983) (court must have personal jurisdiction over the parties in order to issue an injunction against an individual and the court cannot enjoin individuals who are not yet served.)

## II.

## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, the parties may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**January 23, 2014**__

_____
UNITED STATES MAGISTRATE JUDGE