UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALBERTO ORNELAS,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW CATE, et al.,<br><br>Defendants. | Case No.: 1:10-cv-02366-AWI-SAB (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS ISSUED DECEMBER 16, 2013, DENYING UNENUMERATED RULE 12(B) MOTION, WITHOUT PREJUDICE, ON PROCEDURAL GROUNDS, AND REQUIRING DEFENDANTS TO FILE RESPONSIVE PLEADING OR MOTION WITHIN THIRTY DAYS<br><br>[ECF Nos. 27, 33, 35, 39] |

Plaintiff Jorge Alberto Ornelas is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on against Defendant Black for failure to protect in violation of the Eighth Amendment and against Defendants Deathriage and King for excessive force in violation of the Eighth Amendment.

On October 23, 2013, Defendants Black and King filed an unenumerated Rule 12(b) motion to dismiss on the ground that Plaintiff failed to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Defendant Deathriage joined the motion on December 4, 2013. Plaintiff did not file an opposition.

On December 16, 2013, the undersigned issued Findings and Recommendations to grant Defendants' motion to dismiss. (ECF No. 33.) Plaintiff filed objections on January 2, 2014, and

Defendants filed a reply on January 29, 2014, along with a motion for an evidentiary hearing. (ECF No. 39.)

On April 30, 2014, the Honorable Anthony W. Ishii referred the motion back to the undersigned in light of intervening case authority.

On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the issue of administrative exhaustion. Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). Following the decision in Albino, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino, 2014 WL 1317141, at *4 (quotation marks omitted). An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. Id.

Accordingly, in light of the decision in Albino, it is HEREBY ORDERED that:

1. The Findings and Recommendations issued December 16, 2013, are VACATED;

2. Defendants' unenumerated Rule 12(b) motion is DENIED, without prejudice, on procedural grounds; and

3. Defendants have **thirty (30) days** from the date of service of this order within which to file a responsive pleading or motion.

IT IS SO ORDERED.

Dated:   **May 1, 2014**

UNITED STATES MAGISTRATE JUDGE