UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALBERTO ORNELAS,<br><br>  Plaintiff,<br><br>  v.<br><br>MATTHEW CATE, et al.,<br><br>  Defendants. | Case No.: 1:10-cv-02366-AWI-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO EXTEND THE DISCOVERY DEADLINE<br><br>[ECF No. 45] |

Plaintiff Jorge Alberto Ornelas is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 27, 2014, Defendants filed a motion to extend the discovery deadline.

A scheduling order may be modified only upon a showing of good cause and by leave of Court Fed. R. Civ. P. 16(b)(4).  In considering whether a party moving for a schedule modification has shown good cause, the Court primarily focuses on the diligence of the party seeking the modification. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 Advisory Committee Notes of 1983 amendment).  "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the amendment.'"  Id. (quoting Fed. R. Civ. P. Advisory Committee Notes of 1983 Amendment).  The Court may also consider the prejudice to the party opposing the modification.  Id.  The decision to modify a

1

1  scheduling order is within the broad discretion of the district court, and scheduling orders are intended
2  to facilitate the orderly progress of the litigation and alleviate case management problems.  <u>Id.</u> at 607-
3  610 (citing <u>Miller v. Safeco Title Ins. Co.</u>, 758 F.2d 364, 369 (9th Cir. 1985)).  When an act must be
4  done within a specified time, the court may, for good cause, extend the time with or without motion or
5  notice if the court acts, or if a request is made, before the original time expires.  Fed. R. Civ. P.
6  6(b)(1)(A).

7      Defense counsel declares that he noticed the taking of Plaintiff's deposition on May 27, 2014.
8  However, on the morning of the deposition, counsel learned from the Pelican Bay State Prison
9  Litigation Office Technician that Plaintiff had been transferred to Kern Valley State Prison on May 23,
10 2014.  (Folely Decl. at ¶ 3.)  Defense counsel now needs additional time to scheduled and take
11 Plaintiff's deposition, as the discovery deadline expired on May 30, 2014.  (<u>Id.</u> at ¶ 4; ECF No. 25.)

12     Good cause having been presented to the Court, Defendants' motion to extend the discovery
13 deadline to June 30, 2014, for the limited purpose of allowing Defendants to take Plaintiff's
14 deposition.  The Court notes that on June 9, 2014, Plaintiff filed a motion to voluntarily dismiss this
15 action, which may render the extension moot.  However, given that the deadline for opposition or
16 statement of non-opposition pursuant Local Rule 230(l) has not expired, the Court must rule on
17 Defendants' pending motion.

18     Based on the foregoing,
19     IT IS HEREBY  ORDERED that Defendants' motion to extend the discovery deadline to June
20 30, 2014, for the limited purpose of conducting Plaintiff's deposition is GRANTED.

21
22 IT IS SO ORDERED.
23     Dated:   **June 12, 2014**
24                                   UNITED STATES MAGISTRATE JUDGE
25
26
27
28